IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTHEW W. DEAN                                                                          PLAINTIFF

v.                           Civil No. 2:22-CV-02102-PKH-MEF

CAPTAIN V.C. WINTERS and                                         DEFENDANTS
LIEUTENANT CALEB FIELDS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Pursuant to § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

Plaintiff, a pretrial detainee in the Crawford County Justice Center ("CCJC"), filed his Complaint on June 27, 2022. (ECF No. 1). For his first claim, Plaintiff alleges he was not provided with cleaning supplies for the toilet, sink, shower, and eating areas on the following dates: March 16 and 21, April 21, and June 2 and 15, 2022. (*Id*. at 4). Plaintiff alleges he filed grievances concerning the lack of cleaning supplies, and both Defendants "assured him the issue would be fixed." (*Id*.). After each grievance, officers would bring cleaning supplies for a short time, and then he would fail to receive them again. (*Id*. at 4-5). Plaintiff attributes this to the "lack of both

---
[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

defendants supervision in their roles." (*Id*. at 5). Plaintiff alleges that he "developed a rash that required a visit to the on-staff nurse and medication to alleviate the discomfort." (*Id*.). Plaintiff does not, however, allege that the nurse or any other medical professional told him that the rash was caused by his lack of cleaning supplies. Plaintiff proceeds against both Defendants in their individual capacity for this claim. (*Id*.).

For his second claim, Plaintiff alleges that on March 7, April 18, April 21, June 3, and June 9, 2022, his due process rights were violated when he filed grievances. He alleges that when he appealed the initial answer to the grievances, the appeal was answered by the same CCDC staff member who answered the initial stage of the grievance. He further states: "I was not answered by someone else that maintained equal or higher standing in rank." (*Id*. at 6). Plaintiff brings this claim against both Defendants in their individual and official capacities. (*Id*. at 7). As his official capacity claim, he states that CCDC has "a widespread practice of answering grievance appeals by the same individual who answers the original grievance." (*Id*.).

Plaintiff brings his third claim against Defendant Winters in his official capacity. (*Id*. at 8). He alleges Defendant Winters violated his due process rights on June 2 and 9, 2022. (*Id*. at 7). Plaintiff alleges he requested copies of his grievances and medical requests under the Freedom of Information Act, was first told he needed to fill out a list on May 5, 2022, and was then told he could not have any documents if they were to be used in a lawsuit. (*Id*. at 8). He alleges he was told "an official stated I was to be denied, so I can only assume it is a custom." (*Id*.). He filed two grievances about the documents, and both were denied. (*Id*.).

Plaintiff seeks compensatory, punitive, and other damages. (*Id*. at 9). Specifically, Plaintiff asks that Defendants be demoted or removed from their positions, and that the Court order an investigation into the policies and living conditions at CCJC. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

#### A.     Conditions of Confinement

Plaintiff is a pretrial detainee and alleges he was denied cleaning supplies on five separate days during his incarceration. (ECF No. 1 at 2, 4). In *Stearns v. Inmate Servs. Corp., et al.*, 957 F.3d 902 (8th Cir. 2020), the Eighth Circuit clarified that, despite some prior inconsistencies in its cases, the deliberate indifference standard of the Eighth Amendment did not apply to conditions of confinement cases brought by pretrial detainees. Instead, the Eighth Circuit held in *Stearns* that the claims of pretrial detainees must be analyzed under the Fourteenth Amendment as set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979). In *Bell*, the Court stated that "the proper inquiry is whether [the] conditions amount to punishment of the detainee." *Id.*, 441 U.S. at 535. The Eighth Circuit in *Stearns* stated:

> In *Bell v. Wolfish*, the Supreme Court articulated the standard governing pretrial detainees' claims related to conditions of confinement. The Court held that the government may detain defendants pretrial and "may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. The Court articulated two ways to determine whether conditions rise to the level of punishment. A plaintiff could show that the conditions were intentionally punitive. *Id.* at 538. Alternatively, if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Id.* at 538-39. If conditions are found to be arbitrary or excessive, it is permissible to "infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* at 539.

*Stearns*, 957 F.3d at 907 (alterations in original) (citations to the Supreme Court Reporter omitted).[2]

---

[2] Eighth Amendment cases involving convicted prisoners may provide guidance. "As a pretrial detainee, [Plaintiff] was entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment." *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013) (internal quotation marks and citations omitted).

Pretrial detainees "are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (internal quotation marks and citations omitted). "In considering whether the conditions of pretrial detention are unconstitutionally punitive, we review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

Here, Plaintiff alleges he was denied cleaning supplies on five separate days over a period of four months. Such short and isolated deprivations of cleaning supplies cannot support a claim that he was denied reasonably adequate sanitation. *See e.g., Stickley v. Byrd*, 703 F.3d 421, 424 (8th Cir. 2013) (no constitutional deprivation where pretrial detainee exhausted his weekly allotment of toilet paper each week before week's end); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (no constitutional violation where pretrial detainee was subjected to overflowed toilet for four days); *Williams v. Delo*, 49 F.3d 442, 444-47 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket and mattress for four days did not violate the Eighth Amendment); *Huggins v. Brassell*, No. 5:08-cv00216, 2009 WL 856869, *3 (E.D. Ark. March 27, 2009) ("If Plaintiffs were denied a change of clothes, clean underwear, socks, towels, and soap, such a denial, for the limited days described, does not amount to a constitutional violation"). No plausible conditions of confinement claim is stated.

**B.     Grievance Process**

Plaintiff alleges the CCJC grievance process was inadequate because the same staff member may answer both an initial grievance and the appeal of that grievance. He also alleges he was denied copies of his multiple grievances. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive

5

right upon prison inmates, a prison official's failure to comply with the grievance procedure is not actionable under § 1983." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citation omitted). Further, "a prison officials' failure to respond to an inmate's grievances or to return copies of those grievances to that inmate, without more, is not actionable under [§] 1983." *Everhart v. Flournoy*, Civil No. 4:17-cv-04113, 2019 WL 2503964, at *6 (W.D. Ark. June 17, 2019). No plausible claim regarding grievances is stated.

### C. Freedom of Information Act

Plaintiff alleges CCJC refused to release copies of his grievances and medical requests, and he appears to raise a claim that CCJC violated the Freedom of Information Act ("FOIA") with that refusal. "FOIA applies only to records of federal agencies and only gives this Court jurisdiction over requests for data from federal agencies." *Canada v. Olmsted County Community of Corrections*, 21-CV-2120 (NEB/DTS), 2022 WL 607482, at *5 (D. Minn. Mar. 1, 2022) (citing 5 U.S.C. §§ 551(1), 552(a); *Mace v. EEOC*, 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999) (finding that federal courts do "not have FOIA jurisdiction over a claim that a state agency withheld records")). The CCJC is a county agency and Defendants are county employees. Thus, this Court lacks jurisdiction under the FOIA.

### IV. CONCLUSION

Accordingly, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE